UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFF COOK, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Plaintiff, ) | |
| ) | CASE NO. 1:21-cv-2541 |
| v. ) | |
| ) | |
| KEIHIN AIRCON NORTH AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**COMPLAINT FOR DAMAGES**

Plaintiff Jeff Cook ("Jeff") for his Complaint for Damages against Defendant Keihin Aircon North America, Inc. ("Keihin"), states as follows:

**Parties**

1. Jeff Cook is an Indiana resident who resides in Delaware County, Muncie, Indiana.

2. Keihin is an Indiana corporation with its principal place of business located at 4400 N. Superior Drive, Muncie, Indiana 47303.

**Jurisdiction and Venue**

3. Federal question jurisdiction in this Court is proper under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

4. Venue is proper within this District under 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in this District.

**Factual Background**

5. Plaintiff incorporates the preceding paragraphs by reference.

1

6. Keihin is in the industry of producing automotive air conditioning and engine cooling components and systems.

7. Jeff was hired by Keihin in 2004 as a Production Associate before he gradually climbed the ranks within the company over sixteen years.

8. Throughout his time at Keihin, Jeff was loyal and dedicated to the company as he was consistently given exceptional evaluations for his performance.

9. In January 2020, Jeff, then 63-years-old, was diagnosed with stage 4 pancreatic cancer, which required him to receive chemotherapy treatment every two weeks.

10. Jeff applied for and was granted FMLA leave so that he could receive the necessary chemotherapy and for incapacity reasons in case his cancer worsened.

11. Due to Jeff's loyalty to Keihin, he continued to work even though his FMLA leave included five days off per week for incapacity.

12. Jeff's chemotherapy was expensive and the costs were being covered by his medical insurance at Keihin.

13. On August 7, 2020, Keihin terminated Jeff and all of his benefits without any prior warning nor a reason for his termination.

14. Upon information and belief, Jeff was replaced by an individual much younger and less qualified than him.

15. As a result of his termination, Jeff has been forced into an early retirement as he was planning on working at least four more years, but he is essentially unemployable because he would not qualify for FMLA with a new employer.

16. Keihin has treated other employees that developed cancer in a similar way as Jeff, and while Jeff was still employed with Keihin, the HR manager even made the comment that

Keihin was looking for ways to "reduce costs because cancer patients are costing us so much money."

17. The inescapable conclusion is that Keihin terminated Jeff as a cost-saving measure because of how expensive his chemotherapy had become for the company's medical insurance program.

18. On February 2, 2021, Jeff, through counsel, filed a Charge of Discrimination with the EEOC. Attached as **Exhibit A** is the Charge of Discrimination, which is incorporated by reference herein.

19. The EEOC issued a Dismissal and Notice of Right to Sue Letter on July 1, 2021. Attached as **Exhibit B** is the EEOC Dismissal and Notice of Right to Sue Letter, which is incorporated by reference herein.

20. All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

## Count I – Disability Discrimination

21. Plaintiff incorporates the preceding paragraphs by reference.

22. The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

23. At all times relevant hereto, Defendant was an "employer" as defined by the ADA.

24. At all times relevant hereto, Plaintiff was an "employee" as defined by the ADA.

25. Plaintiff's pancreatic cancer constitutes a disability because it is a physical impairment that substantially limits one or more of his major bodily functions, a record of such impairment exists, and he was regarded as having such an impairment by Defendant.

26. At the time Plaintiff was terminated, he could perform all the essential functions of his position with or without reasonable accommodations.

27. Defendant terminated Plaintiff's employment because of his disability.

28. Plaintiff has suffered damages as a result of Defendant discriminatorily terminating him, including emotional distress, past and future lost wages, and lost benefits along with the costs of this action.

29. Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

## **Count II – FMLA Retaliation**

30. Plaintiff incorporates the preceding paragraphs by reference.

31. The Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 (a)(2), prohibits employers from retaliating against employees who engage in activity protected under the statute.

32. At all times relevant hereto, Defendant was an "employer" as defined by the FMLA.

33. At all times relevant hereto, Plaintiff was eligible for the FMLA's protections.

34. Plaintiff had a right to request and take leave, pursuant to the FMLA.

35. Upon information and belief, there is a causal link between Plaintiff's statutorily protected activity and Defendant's decision to terminate Plaintiff.

36. Upon information and belief, Defendant would not have terminated Plaintiff on August 7, 2020, if not for his engagement in a statutorily protected activity.

37. Plaintiff has suffered damages as a result of Defendant retaliating against him, including emotional distress, past and future lost wages, lost benefits and the costs of this action.

## Count III – FMLA Interference

38. Plaintiff incorporates the preceding paragraphs by reference.

39. The FMLA, 29 U.S.C. § 2615(a)(1), prohibits employers from taking any action that would interfere with or restrain employees from invoking those rights.

40. At all times relevant hereto, Defendant was an "employer" as defined by the FMLA.

41. At all times relevant hereto, Plaintiff was eligible for the FMLA's protections.

42. Plaintiff was entitled to leave under the FMLA.

43. Plaintiff provided sufficient notice of his intent to take leave.

44. Defendant interfered with Plaintiff's FMLA benefits to which he was entitled.

45. Plaintiff has suffered damages as a result of Defendant interfering with his FMLA benefits, including emotional distress, past and future lost wages, lost benefits, and the costs of this action.

## Count IV – Age Discrimination

46. Plaintiff incorporates the preceding paragraphs by reference.

47. The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, explicitly prohibits an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

48. At all times relevant hereto, Defendant was an "employer" as defined by the ADEA.

49. At all times relevant hereto, Plaintiff was an "employee" as defined by the ADEA.

50. Plaintiff was 63-years-old at the time of his termination, thus belonging to a protected age class for the purposes of the ADEA.

51. At all times while working for Defendant, Plaintiff met the expectations of Defendant as evidenced from his exceptional evaluations.

52. Plaintiff was discriminated against, retaliated against, and terminated because of his age.

53. A younger, less qualified employee replaced Plaintiff upon his termination.

54. Defendant's discriminatory conduct was the direct and proximate cause of Plaintiff suffering loss of pay, benefits, and subjected Plaintiff to mental anguish, emotional distress, and other damages and injuries.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment in his favor and against Defendant in an amount to be determined at trial, including without limitation, compensatory damages, punitive damages, the costs of this action, attorney's fees, and all other just and proper relief.

## JURY DEMAND

The Plaintiff demands a trial by jury.

Respectfully submitted,

*/s/ Edward M. Smid*
Edward M. Smid (30134-49)
Smid Law LLC
12115 Visionary Way, Suite 174
Fishers, IN 46038
Direct: (317) 690-9369
Fax: (317) 458-2086
esmid@smidlaw.com